Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EPIFANIO JULIO MENDEZ,<br><br>      Plaintiff,<br><br> -against-<br><br>BAM HOSPITALITY LLC, *dba* PATSY'S PIZZERIA, located at 450 Dean Street, Brooklyn, New York 11217; PATSY'S BAY RIDGE LLC, *dba* PATSY'S PIZZERIA, located at 8814 Third Avenue, Brooklyn, New York 11209, *and* JOSEPH M. JULIANO, *and* JACQUELINE JULIANO, *individually*,<br><br>      Defendants. | Case No.: **20 CV 1121**<br><br>**COMPLAINT in an FLSA ACTION**<br><br>ECF Case<br><br>Jury Trial Demand |

Plaintiff, Epifanio Julio Mendez (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, BAM Hospitality LLC *dba* Patsy's Pizzeria (hereinafter, "Patsy's Park Slope"), located at 450 Dean Street, Brooklyn, NY 11217; Patsy's Bay Ridge LLC *dba* Patsy's Pizzeria (hereinafter, "Patsy's Bay Ridge"), located at 8814 Third Avenue, Brooklyn, NY 11209; and Joseph M. Juliano and Jacqueline Juliano, individually (all defendants, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff, Epifanio Julio Mendez, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff, Epifanio Julio Mendez, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked a spread in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Kings County, New York.

6.      Defendant, BAM Hospitality LLC dba Patsy's Pizzeria in Park Slope, is a domestic limited liability company, organized and existing under the laws of the State of

2

New York, with a principal place of business at 450 Dean Street, Brooklyn, New York 11217.

7.      Defendant, Patsy's Bay Ridge LLC dba Patsy's Pizzeria  in Bay Ridge, is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 8814 Third Avenue, Brooklyn, NY 11209.

8.      Upon information and belief, Defendant, Joseph M. Juliano, is an owner, general manager, officer, director and/or managing agent of Patsy's Park Slope and Patsy's Bay Ridge, whose address is unknown at this time and who participated in the day-to-day operations of Patsy's Park Slope and Patsy's Bay Ridge, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Patsy's Park Slope and Patsy's Bay Ridge.

9.      Upon information and belief, Defendant, Jacqueline Juliano, is an owner, general manager, officer, director and/or managing agent of Patsy's Park Slope and Patsy's Bay Ridge, whose address is unknown at this time and who participated in the day-to-day operations of Patsy's Park Slope and Patsy's Bay Ridge, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Patsy's Park Slope and Patsy's Bay Ridge.

10. The individual defendants, Joseph M. Juliano and Jacqueline Juliano, both exercised control over the terms and conditions of their employees' employment, including Plaintiff, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work locations, duties, and schedules, (iv) supervise, monitor, control and delegate the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11. Plaintiff, Epifanio Julio Mendez, was employed by Defendants in Kings County, New York, to work as a food preparer and general helper, for Defendants' pizzerias known as "Patsy's", located in the Park Slope and Bay Ridge neighborhoods in Brooklyn, continuously between 2016 through February 3, 2020.

12. At all relevant times, Patsy's Park Slope and Patsy's Bay Ridge were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

13. Defendant, Patsy's Park Slope, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

14. Defendant, Patsy's Bay Ridge, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or

produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

15.    At all relevant times, the work performed by Plaintiff, Epifanio Julio Mendeztinez, was directly essential to the businesses operated by defendants.

16.    At relevant times, Plaintiff was paid entirely by check.

17.    Plaintiff worked for the pizzerias in Brooklyn, and directly for Joseph M. Juliano and Jacqueline Juliano, for over three (3) years.

18.    Defendant, Joseph M. Juliano, creates and implements crucial business policies, including decisions concerning the number of hours the employee is required to work, the location where the employee is to work, the amount of pay that the employee is entitled to receive, and the method and manner by which the employee is to be paid.

19.    Defendant, Jacqueline Juliano, creates and implements crucial business policies, including decisions concerning the number of hours the employee is required to work, the location where the employee is to work, the amount of pay that the employee is entitled to receive, and the method and manner by which the employee is to be paid.

20.    The defendant corporations are owned, operated, and controlled by the individual defendants Joseph M. Juliano and Jacqueline Juliano.

21.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

22.    At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Epifanio Julio Mendez lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

23.     Although Patsy's Park Slope and Patsy's Bay Ridge are separate corporations and business entities, they engage in related activities, namely, operating pizzerias in the Park Slope and Bay Ridge neighborhoods in Brooklyn, respectively. The corporations shared Plaintiff, as well as other employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

24.     The corporations are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides mutually supportive services to the substantial advantage of the other, such that each entity may be treated as a single enterprise and/or joint employer.

25.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

26.     The corporate defendants share a common commercial business purpose, namely, operating nearly identical Pizzerias.

27.     Upon information and belief, an arrangement existed between the corporate defendants whereby both entities agreed to share the services of Plaintiff.

28.     Upon information and belief, the corporate defendants, doing business as, Patsy's Park Slope and Patsy's Bay Ridge, respectively, shared control of Plaintiff.

29.     Plaintiff, Epifanio Julio Mendez, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

30.     In mid 2016, Plaintiff, Epifanio Julio Mendez, was hired by Defendants to work as a food preparer / general helper at Defendants' restaurant known as "Patsy's Park Slope" located at 450 Dean Street, Brooklyn, New York.

31.     Plaintiff worked for the defendants continuously, between 2016 and February 3, 2020.

32.     Beginning in 2018 and continuing in 2019 and through the end of his employment in early 2020, Plaintiff Epifanio Julio Mendez, was assigned to work at "Patsy's Bay Ridge", located at 8814 Third Avenue, Brooklyn, New York, in addition to his work at Patsy's Park Slope, each week.

33.     In 2018 through 2020, Plaintiff adhered to the following approximate schedule:

| | | | |
|---|---|---|---|
| Sundays | 10:00 a.m. – 10:00 p.m. @Patsy's Park Slope | | |
| Mondays | off | | |
| Tuesdays | 10:00 a.m. – 10:00 p.m. @Patsy's Park Slope | | |
| Wednesdays | off | | |
| Thursdays | 9:45 a.m. – 3:45 p.m. @ Patsy's Bay Ridge | & | 5:00 p.m. – 10:00 p.m. @Patsy's Park Slope |
| Fridays | 9:45 a.m. – 3:45 p.m. @ Patsy's Bay Ridge | & | 5:00 p.m. – 11:00 p.m. @Patsy's Park Slope |
| Saturdays | 9:45 a.m. – 3:45 p.m. @ Patsy's Bay Ridge | & | 5:00 p.m. – 11:00 p.m. @Patsy's Park Slope |

34.     As described, Plaintiff worked a total of approximately fifty-nine (59), or more, hours per week.

7

35.     Plaintiff punched a time clock when he began and ended work at both locations.

36.     Plaintiff was not a tipped employee.

37.     On approximately a dozen occasions Plaintiff worked additional hours at Patsy's Bay Ridge.

38.     At all relevant times Plaintiff's regular rate of pay was sixteen dollars ($16.00) per hour.

39.     To avoid paying "time and a half", or overtime premium pay for all hours worked above forty (40) hours per week, Plaintiff was required to work at the Bay Ridge pizzeria.

40.     Plaintiff was not paid any wages for traveling between Patsy's Bay Ridge and Patsy's Park Slope, which was approximately three (3) hours per week.

41.     Plaintiff was not given an extra hour of pay at the New York State minimum rate, when he worked a spread in excess of ten (10) hours, which occurred five (5) days per week.

42.     Defendants knowingly and willfully operated their business with a policy of not paying wages to Plaintiff for all hours worked.

43.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), for all hours worked in excess of forty (40) each week, in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

44.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff.

45.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

46.     Defendants utilized a time clock, and Plaintiff was paid hourly. He was not paid "time and a half" for all overtime hours worked (*i.e.*, hours in excess of forty (40) per week), nor was he compensated for traveling between the two (2) locations.

47.     Defendant, Joseph M. Juliano, is an individual who, upon information and belief, owns the stock of Patsy's Park Slope and Patsy's Bay Ridge, owns Patsy's Park Slope and Patsy's Bay Ridge, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

48.     Defendant, Jacqueline Juliano, is an individual who, upon information and belief, owns the stock of Patsy's Park Slope and Patsy's Bay Ridge, owns Patsy's Park Slope and Patsy's Bay Ridge, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

49.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

52. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

53. Plaintiff Epifanio Julio Mendez, worked hours for which he was paid no wages.

54. Plaintiff was entitled to be paid at the rate of time and one-half his regular rate of pay, for all hours worked in excess of forty (40) hours per week, pursuant to the FLSA.

55. At relevant times as stated herein, Defendants failed to pay Plaintiff, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

56. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57.     Defendants knowingly disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, for all hours worked, and at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure him.

58.     Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

59.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

60.     Defendants failed to properly disclose or apprise Plaintiff, Epifanio Julio Mendez, of his rights under the FLSA.

61.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

62.     Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

63.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

64.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

66.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him wages for all hours worked.

67.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a workweek.

68.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

69.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

70.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71.     Upon information and belief, Defendant's practices were intended to, and did in fact, disguise the actual number of hours the employee worked, and designed to avoid paying for him full hours worked; and, all overtime due.

72.     Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

73.     Plaintiff was not provided with a proper, written wage notice, as required by law.

74.     Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

75.     Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Epifanio Julio Mendez, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime wages due under the FLSA and New York Labor Law;

13

(c)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues.

Dated: New York, New York
February 28, 2020

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail pcooper@jcpclaw.com

14

**NOTICE OF INTENTION TO ENFORCE MEMBER
LIABILITY FOR SERVICES RENDERED**

To:    Joseph M. Juliano
        Jacqueline Juliano

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Epifanio Julio Mendez intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of BAM Hospitality LLC and Patsy's Bay Ridge LLC, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       February 28, 2020

Respectfully submitted,

By:    _____
        Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

15

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Epifanio Julio Mendez_ , am an employee currently or

formerly employed by _Patsys Pizza_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_February 28_ , 20~~19~~ 20